

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2005

# Dodaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dodaj v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4628
_____

MERITA GJOK DODAJ,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES[*]

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A76-142-573)
_____

Submitted Under Third Circuit LAR 34.1(a)

Before:   Alito, McKee and Cowen  <u>Circuit Judges</u>.

(Filed: April 27, 2005)

_____

OPINION
_____

PER CURIAM

Merita Gjok Dodaj, a native and citizen of Albania, petitions for review of the

final order of the Board of Immigration Appeals ("BIA").  For the reasons that follow we

_____

[*] Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.

will grant the petition and remand to the BIA for further proceedings.

I.

Dodaj and her husband attempted to enter the United States with false passports in 1999. Dodaj conceded her removability for attempting to enter the United States without proper documents, and sought asylum and withholding of removal. The Immigration Judge ("IJ") found Dodaj's testimony not credible and denied her application for relief.[1] The BIA affirmed by opinion dated February 12, 2003, agreeing with the IJ's adverse credibility finding and declining to address the merits of the asylum claim. The BIA noted that although there may have been explanations for some of the inconsistencies cited by the IJ, there were nonetheless other important problems that remained unexplained. Dodaj now petitions for review *pro se*.[2] As we write solely for the parties, we will not set forth the detailed factual background of this appeal.

II.

Although the BIA noted that some of the inconsistencies identified by the IJ may have been questionable, it did not specify which inconsistencies were problematic and essentially deferred to the IJ's findings. Accordingly, we review the IJ's adverse credibility finding. See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

---

[1] Although the removal proceedings for Dodaj and her husband were conducted together, only Dodaj's petition for review is presently before the Court.

[2] Dodaj filed the petition for review in the Court of Appeals for the Second Circuit, which transferred it to this Court. As the IJ completed the removal proceedings in New Jersey, venue lies with this Court. 8 U.S.C. § 1252 (b)(2).

Adverse credibility findings are reviewed under the substantial evidence standard, whereby we uphold the credibility determination unless the record evidence compels a reasonable factfinder to make a contrary determination. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). However, we will affirm only if the determination is based on "specific, cogent reasons" that are "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony ... in view of the background evidence on country conditions." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (quotations omitted). Adverse credibility determinations "based on speculation or conjecture, rather than on evidence in the record, are reversible." Id.

## III.

The IJ's adverse credibility determination was based on purported discrepancies in and the circumstances surrounding Dodaj's Democratic Party membership card. Upon review, we find that the IJ's conclusions about the membership card are not supported by the record. The IJ's faulting of Dodaj for not knowing when the membership card was issued failed to take into account the male-dominated nature of Albanian culture and, in particular Northern Albania where Dodaj lived. See A.R. 416, 673, 820. The IJ's conclusion that Dodaj's card was fraudulent because it was numbered consecutively to her husband's card that was issued a year later was speculative, particularly in light of the testimony that Dodaj and her husband had been registered as married and Dodaj was using her husband's name at the time her card was issued. See A.R. 345-46, 382, 384.

The IJ's view that being a member of a political party consists of more than having a relative bring you a membership card failed to consider Dodaj's explanation that she presented the card as evidence of her belief in democracy, A.R. 417, as opposed to demonstrating active participation in the party. Lastly, the IJ's reliance on the lack of corroborating evidence that Dodaj had otherwise used her husband's name prior to the family marriage ceremony was not based on a proper analysis of the need for and/or ability to provide corroborating evidence. See Dia, 353 F.3d at 253 (requiring IJ to (1) identify the facts for which it is reasonable to expect corroboration; (2) determine whether corroboration has been provided; and (3) determine whether an adequate explanation has been given for failing to provide corroboration). Accordingly, we will reverse the adverse credibility determination.

The BIA did not reach the merits of the asylum and withholding of removal claims, and therefore we will remand the matter to the BIA for further proceedings. The government's motion for summary affirmance is denied.